H. F. BESOSA & Co. *v.* CADIERNO LÓPEZ & Co.

APELACIÓN procedente de la Corte de Distrito de San Juan, Sección 2ª.

No. 594.—Resuelto en febrero 3, 1911.

PRUEBAS CONTRADICTORIAS—APRECIACIÓN DE LA CORTE INFERIOR—APELACIÓN.—En los casos de prueba contradictoria la apreciación que de la misma hubiere hecho la corte inferior se estimará como procedente en apelación, a no ser que se demuestre que en tal apreciación la corte actuara movida por pasión, prejuicio o parcialidad, o que incurriera en manifiesto error.

LIBELO INFAMATORIO—ESCRITO MALICIOSO Y TENDENTE A OCASIONAR UN DAÑO.—
Si el demandante dejare de probar que la comunicación que considerare inju-
riosa fué escrita por el demandado maliciosamente, o sea, sin justa causa o
excusa, y con la intención de causar un mal, no puede estimarse probada la
existencia del libelo.

Los hechos están expresados en la opinión.

Abogado del apelante: *Sr. T. D. Mott, Jr.*

Abogados del apelado: *Sres. Hord y Scoville.*

EL JUEZ ASOCIADO, SR. ALDREY, emitió la opinión del tri-
bunal.

La sociedad mercantil de esta plaza, H. F. Besosa y Cía.,
era desde 5 de agosto de 1904 representante exclusiva en esta
isla de la sociedad *American Rice Brokerage Co.,* de Crowley,
Louisiana, para la venta de arroz y con ese carácter, en 11
de marzo de 1905, contrató con los demandados Cadierno,
López y Cía. la venta de 1,500 sacos de arroz, tipo número 70,
que formaban parte de un lote de 2,400 sacos.

Las dos partidas llegaron en el tiempo estipulado, reci-
biéndose la primera sin objeción, pero cuando la segunda llegó
fué rechazada por los demandados con su carta de 28 de abril
de 1905 dirigida a los demandantes en la que al devolverle
la factura le manifestaban que lo hacían por el fundamento
y causas conocidas por los demandantes.

Pocos días después, los demandados escribieron la si-
guiente carta, recibida por su destinatario, quien enteró de
ella a los demandantes.

*Por vapor Philadelphia.*

Mayo 2 de 1905.

The American Rice Brokerage Co.,

Crowley, Louisiana.

"Muy Sres. nuestros: La factura de arroz a que se contrae
su escrito de 18 de abril ppdo. fué entregada en unión del artí-

culo a sus representantes Sres. H. F. Besosa y Cía., de quien tenemos el consiguiente recibo.

"Esta determinación nuestra obedece únicamente a incorrección de sus representantes para con ésta su casa, cuya circunstancias nos priva del gusto de encaminar a Uds. nuevas órdenes por mediación de ellos, pues aunque el artículo nada dejaba que desear, mediaron otras circunstancias en extremo perjudiciales a nuestros intereses, y por ningún concepto queremos dar lugar a que el caso se repita.

"Somos de Uds. muy affmos. y S. S.,

"Cadierno, López y Cía."

Los demandantes estimando esta carta injuriosa para ellos presentaron una demanda ante la Corte de Distrito de San Juan, contra la sociedad que la firmaba, por libelo y reclamación de $20,000 de perjuicios, la que falló el Hon. Juez de la Sección 2ª. en 21 de junio de 1910 declarando que los hechos y la ley estaban en contra de la parte demandante por lo que declaró sin lugar la demanda con costas al demandante.

De esta sentencia apelaron los demandantes en 29 del mismo mes y año, habiendo sido visto el recurso en esta Corte Suprema.

Tres motivos de error alegan los demandantes, que pueden resumirse en uno y es: que la corte inferior erró al dar fallo a favor de los demandados y en contra de los demandantes porque no hay evidencia en que basar un fallo a favor de los demandados, pues antes al contrario, la preponderancia de la evidencia exige una sentencia en contra de los demandados y a favor de los demandantes.

Así, pues, la cuestión planteada por la sociedad apelante es la de si la evidencia sostiene el fallo de la corte inferior, ó si por el contrario no solamente no la sostiene, sino que está a favor de los apelantes. En otras palabras, que hay error en la apreciación de las pruebas por parte del tribunal sentenciador.

Repetidamente ha dicho esta Corte Suprema que siendo contradictoria la prueba corresponderá al tribunal inferior armonizarla en lo posible y en todo caso dirimir el conflicto, como lo hizo; y no encontramos en el ejercicio de dicha facultad que haya procedido con pasión, prejuicio o parcialidad, ni que haya incurrido en manifiesto error.

La divergencia entre las partes consiste en este caso, en que la sociedad demandante sostiene que sin razón alguna y sólo por perjudicarle en sus intereses escribió la sociedad demandante la carta que hemos transcrito, base de este pleito y que cuando no aceptó la demandada la segunda partida de arroz, fué únicamente porque no quisieron hacerle rebaja en el precio estipulado por la alegación de los demandados de que el arroz era de calidad inferior; sostienen en contrario los demandados que cuando compraron los 1,500 sacos de arroz fué con la condición de que los restantes 900 que completaban el lote de 2,400 sacos estaban vendidos para Arecibo y que no habiendo resultado esto, sino que dichos 900 sacos habían sido vendidos en San Juan, esta informalidad de los Señores H. F. Besosa y Cía. fué lo que les movió a escribir la carta a la *American Brokerage Co.*

La prueba en este caso consiste en diversas cartas de los Sres. H. F. Besosa y Cía. dirigidas a sus representados *American Brokerage Co.* y en las declaraciones de Don Harry F. Besosa de la firma de los demandantes, la de Don Segundo Cadierno, de la firma de los demandados y Jesús Meléndez, ya que los otros testigos Don Carlos Conde y Don Evaristo Freiría, presentados por la demandante en nada pudieron ilustrar al tribunal, pues manifestaron no haber oído la conversación entre demandante y demandado cuando la segunda partida de arroz fué rechazada; y Don Manuel Padial nada sobre los puntos en discusión aportó al juicio.

Así, pues, el hecho de si había sido condición de la compraventa de los 1,500 sacos de arroz por Cadierno, López & Cía. que los restantes 900 sacos fueran vendidos en Arecibo, resultó contradictorio ya que en términos opuestos declararon los

Señores Besosa y Cadierno, estando este último corroborado por Jesús Meléndez.

El otro extremo de si la causa de la no aceptación de la segunda partida de arroz fué el ser éste de inferior calidad o porque había sido vendido en San Juan el resto de los 900 sacos, resultó también contradictorio porque los únicos testigos Besosa y Cadierno, cada uno sostuvo las respectivas afirmaciones de sus alegaciones.

Existía, pues, sobre ambos extremos prueba contradictoria y el juez que conoció el caso y oyó los testigos se decidió por la prueba del demandado haciendo uso de la facultad que le concede la ley para apreciar el valor de las declaraciones y de decidir en caso de controversia.

Pero cuando así decidió el juez estaba apoyado por otra prueba que indudablemente le llevó a aquella conclusión.

Es un hecho cierto que del mismo lote de 2,400 sacos número 70 de los que compró Cadierno, López y Cía. 1,500, el resto fué vendido a Sucesores de López, Villamil, de San Juan, y 600 llegaron aquí al mismo tiempo que la primera entrega a los demandados, por más que éstos se enteraron de ese hecho después de haber pagado esa partida y cuando la recogían del muelle. También lo es que mientras Cadierno, López y Cía los pagaba a $2¼ o sean a $2.25 saco, Sucesores de López, Villamil y Cía sólo satisfacía por ellos $2.22½.

Esta venta del resto del lote a Sucesores de López, Villamil y Cía. no la recordó el Señor Besosa en el juicio, a pesar de ser un hecho tan importante, por ser la defensa de los demandados y cuando en sus libros debía constar.

Parece lo más razonable en el orden natural de las cosas que un comerciante trate de evitar la competencia en un artículo de comercio, la que ha de resultarle más gravosa, si compra más caro que su competidor. Así pues, es creíble que Cadierno, López y Cía. pusieran la condición de que el resto del lote se vendiera fuera de su plaza; y el haberse por los vendedores faltado a esa condición, agravada por la venta más baja en precio a otro comerciante, indudablemente fué el

motivo de su disgusto con H. F. Besosa y Cía. y de que escribieran la carta que se estima injuriosa.

Y que ésta debió ser la razón para rechazar la entrega de la segunda partida y no la mala calidad del arroz la robustece el que pocos días después escribían la carta de 2 mayo a la *American Brokerage Co.* imputando incorrección a los demandantes y reconociendo que el arroz era de buena calidad.

Entonces no sabían que habrían de tener litigio con los demandantes y si esa no hubiera sido la causa verdadera parece que era más expedito decir lo cierto, según los demandantes, de que el arroz era inferior y que no se le quiso hacer rebaja por ese motivo.

Además, diversas cartas, anteriores a la ruptura de los litigantes, cruzadas entre H. F. Besosa y Cía. y la *American Brokerage Co.* convencen de que las relaciones entre éstos eran muy tirantes y no en la mejor armonía. Por esto no puede afirmarse tampoco que la carta de los demandados fuera la única causa de que los demandantes terminasen en la representación de dicha sociedad Americana en esta Isla.

Estuvo, por consiguiente, acertado el juez sentenciador al absolver a la sociedad demandada porque interpretando la carta, no era injuriosa, según la preponderancia de la prueba.

Entendió, rectamente apreciada la prueba, que tal carta no se había escrito maliciosamente, o sea sin justa causa o excusa, intencionadamente para causar un mal, así como que no se había justificado que como consecuencia de ella perdieron los demandantes la representación de la *American Brokerage Co.*

Tiene razón el apelante al manifestar que el que este pleito haya estado pendiente de juicio por mucho tiempo no es fundamento para estimar que los intereses del demandante no hayan sufrido perjuicios; y aun cuando lo contrario consigna el juez sentenciador en su opinión, creemos que no fué esta la razón por la que falló en los términos que lo hizo, sino las otras que consigna de no haber preponderancia de prueba á favor de los demandantes y sí para afirmar por ella que la carta no era injuriosa.

Por las razones consignadas somos de opinión que la sentencia debe ser confirmada con costas al apelante.

*Confirmada.*

Jueces concurrentes: Sres. Presidente Hernández, y Asociados MacLeary, Wolf y del Toro.